679 So.2d 30 (1996)
Leonard J. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2377.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Leonard Smith, appeals the conviction and sentence imposed after he was tried by jury and found guilty of throwing a deadly missile or stone into an occupied building in violation of section 790.19, Florida Statutes (1993). We agree with appellant that the trial court erred by excluding impeachment evidence that was relevant to his defense. We therefore reverse the conviction and remand for a new trial.
The offense took place at the Eckerd Youth Development Center where appellant was a program participant. Homer Hayes, a juvenile counselor at Eckerd, testified that he was supervising appellant and a group of about thirty two other boys while waiting for transportation to lunch. Appellant became unruly and security personnel threatened to send appellant to disciplinary confinement. Homer testified that appellant stated that "If I'm going to D.C., I'm going to do something to go to D.C. for." According to Homer, appellant then picked up a rock and threw it toward the window where Diane Boyer, a disciplinary specialist, was sitting in a nearby office. A state witness testified that just before throwing the rock, appellant said, "I'm going to F_ this bitch up." The rock hit the window; however, because it was plexiglass, the window did not break.
The testimony of Terry Kennedy, another Eckerd employee, was substantially the same as Hayes' testimony. Kennedy stated that he heard appellant say that he was going to "get" someone and that he saw appellant throw the rock toward the building. Diane Boyer, the person seated behind the window, testified that she saw appellant running around outside, that she saw him raise his hand back, and that the next thing she knew, she heard something loud hit the window.
*31 Appellant testified in his own behalf and denied making the statement that Homer attributed to him. Appellant admitted throwing the rock, but stated that he did not throw it hard and that he threw it "by" the door, not at the window. He testified that he threw the rock "to get the stress off my mind." Appellant attempted to testify about the events which took place immediately after he was detained by Homer and Kennedy but the state objected on relevancy grounds. Appellant's counsel offered the trial judge the following proffer:
Judge, he will testify that when they got him to D.C. [disciplinary confinement] they boxed his ears around, and when he threatened to tell somebody about this they went ahead and called the police and charged him with this offense.... The theory that we're showing here is that this was the result of what he threatened to do, and that he was going to get these people in trouble because they're not allowed to touch a client out there.
The trial court sustained the state's objection.
We hold that the trial court abused its discretion in failing to allow appellant to present testimony concerning alleged prejudice and bias of two of the state's key witnesses. We cannot agree with the state that this error was harmless. The proposed testimony went to possible motive the witnesses may have had to exaggerate or even completely fabricate their testimony. A conviction under section 790.19 requires that the perpetrator act "wantonly" or "maliciously" in throwing the projectile toward an occupied or unoccupied building. In other words, the evidence must show that the defendant threw the rock with reckless indifference to the consequences or with knowledge that damage to person or property was likely to occur. Fla. Std. Jury Instr. (Crim.) p. 109.
The juvenile counselors' testimony honed in on appellant's alleged threatening remarks toward Diane Boyer just prior to hurling the rock. Had the jury disbelieved that testimony, they might have come to a different conclusion as to whether the rock was thrown with reckless indifference to the consequences or with knowledge that damage to person or property was likely to result, especially since appellant testified that he did not throw the rock very hard and that he threw the rock "by" or "toward" the door and not at the window. In this case, the rigorous harmless error standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986), has not been satisfied.
Our reversal of appellant's conviction renders the issues concerning the conditions of his probation moot.
REVERSED AND REMANDED FOR A NEW TRIAL.
DELL and GROSS, JJ., concur.